Robert H. Miller and Doris K. Miller v. Commissioner.
Miller v. Commissioner
Docket No. 45894.
United States Tax Court
T.C. Memo 1954-129; 1954 Tax Ct. Memo LEXIS 119; 13 T.C.M. (CCH) 809; T.C.M. (RIA) 54235; 3 Oil & Gas Rep. 1802; August 17, 1954, Filed *119 Erwin Lampe, Esq., and Max B. Lewis, Esq., for the petitioners. Earl C. Crouter, Esq., and Francis P. Campbell, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined deficiencies of $983.72 and $9,454.06 in the income tax of the petitioners for 1948 and 1949, respectively. The only issues for determination are (1) whether first year payments made on noncompetitive oil and gas leases issued by the United States were deductible as rentals, and (2) whether filing fees paid in connection with applications made for noncompetitive oil and gas leases were deductible as business expenses in the years of payment. All other issues have been disposed of by stipulation of the parties. Findings of Fact The facts have been stipulated and are found accordingly. The petitioners are, and were during 1948 and 1949, husband and wife and residents of Los Angeles, California. The petitioners filed joint income tax returns, prepared on the cash receipts and disbursements basis, for 1948 and 1949 with the collector for the sixth district of California. Robert H. Miller, sometimes hereinafter referred to as the petitioner, *120 is a geologist and is, and has been, engaged in various enterprises in the oil and gas field. Under date of July 1, 1947, the petitioner, I. W. Bosworth and Glenn C. Ferguson formed a partnership, with each having a one-third interest, known as I. W. Bosworth and Associates, and sometimes hereinafter referred to as the Bosworth partnership. Under date of August 1, 1948, petitioner, I. W. Bosworth and Glenn C. Ferguson formed a partnership, with each having a one-third interest, known as Robert H. Miller and Associates, and sometimes hereinafter referred to as the Miller partnership. Under date of May 1, 1949, petitioner, I. W. Bosworth, Glenn C. Ferguson and J. N. Huber formed a partnership, with each having a one-fourth interest, known as Equity Oil Company, and sometimes hereinafter referred to as the Equity partnership. All the foregoing partnerships were formed for the purpose of acquiring oil and gas leases for investment and development. Each of the partnerships reported its income on the cash receipts and disbursements basis. During the years involved herein the above mentioned partnerships acquired noncompetitive oil and gas leases on United States Government lands. All *121 of the leases were issued pursuant to the authority of the Leasing Act of 1920 (41 Stat. 437), as amended. Applications for such leases, accompanied by a filing fee of $10, were made by the respective partnerships through their individual members, and the leases when issued were executed by the partnerships, through their individual members, and on behalf of the United States Government by a properly authorized official. During its fiscal year ended January 31, 1948, the Bosworth partnership paid filing fees of $173 in connection with applications made for noncompetitive oil and gas leases, and on noncompetitive oil and gas leases made first year payments totaling $8,652.22. In determining the amount of the petitioner's distributive share of the partnership's loss for the partnership's fiscal year ended January 31, 1948, to be allowed as a deduction in the petitioner's income tax return for 1948, the respondent determined that said fees and first year payments totaling $8,825.22 were not allowable deductions. During its first fiscal year ended January 31, 1949, the Bosworth partnership paid filing fees of $333 in connection with applications made for noncompetitive oil and gas *122 leases, and on noncompetitive oil and gas leases made first year payments totaling $30,972.08, or a total of $31,305.38. During its first fiscal period ended January 31, 1949, the Miller partnership paid filing fees of $312 in connection with applications made for noncompetitive oil and gas leases, and on noncompetitive oil and gas leases made first year payments totaling $5,384.50, or a total of $5,696.50. During the period beginning May 1, 1949 and ended December 31, 1949, the Equity partnership paid filing fees of $330 in connection with applications made for noncompetitive oil and gas leases, and on noncompetitive oil and gas leases made first year payments totaling $20,103.44, or a total of $20,433.44. In determining the amount of the petitioner's distributive share of the partnership loss from the foregoing partnerships to be allowed as deductions in the petitioners' income tax return for 1949, the respondent determined that said filing fees and first year payments were not allowable deductions. The noncompetitive oil and gas leases obtained by the various partnerships and involved herein contained the following: "SECTION 1. Rights of Lessee. - That the lessor, in consideration *123 of rents and royalties to be paid, and the conditions and covenants to be observed as herein set forth, does hereby grant and lease to the lessee the exclusive right and privilege to drill for, mine, extract, remove, and dispose of all the oil and gas deposits except helium gas in or under the following-described tracts of land * * * together with the right to construct and maintain thereupon all works, buildings, plants, waterways, roads, telegraph or telephone lines, pipe lines, reservoirs, tanks, pumping stations, or other structures necessary to the full enjoyment thereof, for a period of 5 years, and so long thereafter as oil or gas is produced in paying quantities * * *." Opinion The first issue for determination is whether the first year payments made by the various partnerships on the noncompetitive oil and gas leases obtained by them from the United States were deductible by them as rentals. The petitioners contend that the payments were so deductible while the respondent contends that the payments constituted capital expenditures and were not deductible as rentals. On brief, filed prior to our decision in Olen F. Featherstone, 22 T.C. 763 No. 96 (filed June 30, 1954), *124 the respondent directs our attention to that proceeding and states that the payments here involved were made under the same type of United States Government leases as were in issue there. From an examination of the leases in evidence in the instant proceeding, the foregoing statement of the respondent appears to be correct. In the Featherstone case, we held that the first year payments made on the noncompetitive oil and gas leases issued by the United States and there involved were true rentals and were deductible as such by the payors. However, we pointed out that our holding was not necessarily dispositive of a case in which the payment claimed by the taxpayer as a deductible expense (or determined by the Commissioner as nondepletable income) is made in respect of a year in which mineral is produced in paying quantities. The instant proceeding was submitted on a stipulation of facts which makes no mention of any production at any time from any of the leases here involved. Consequently, for present purposes we conclude that none of the payments here in question were in respect of a year in which mineral was produced in paying quantities. In view of what has been said above, we think *125 our holding in the Featherstone case is applicable and controlling here. Accordingly, we hold for the petitioners on this issue. See United States v. Dougan, (C.A. 10) 214 Fed. (2d) 511, decided July 8, 1954. The remaining issue is whether filing fees paid by the various partnerships in connection with applications made for noncompetitive oil and gas leases constituted deductible business expenses for the years in which paid. The respondent contends that since the filing fees were paid upon application for leases with a primary term of five years with a possible term beyond that period, the fees were capital expenditures and as such were not deductible as business expenses. Aside from merely stating that the question of the deductibility of the fees was in issue in the proceeding, the petitioners make no further mention of the matter on brief. Other than showing that the fees accompanied applications made for noncompetitive oil and gas leases, the record is silent as to the fees, the circumstances under which they were paid, whether leases were issued pursuant to such application, and, if so, what the term or terms of such leases were. In the state of the record, the *126 respondent's action in determining that the fees were not deductible expenses is sustained for lack of proof to show error. Decision will be entered under Rule 50.